# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CARL G. WATKINS-ISRAYL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13CV100 JCH |
| | ) | |
| STATE OF MISSOURI[1], | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254. Because the petition appears to be untimely, the Court will order petitioner to show cause why the petition should not be summarily dismissed.

On January 12, 2009, petitioner made an Alford Plea to theft/stealing of any credit card or letter of credit, in St. Louis County Court. State v. Watkins, Case No. 08SL-CR05070-01. The trial court sentenced petitioner to an aggregate prison term of three years. The court suspended the execution of the sentence and placed petitioner on probation/supervised release, under the auspices of the Missouri Department of Probation and Parole. Petitioner did not appeal the sentence or file a timely motion for post-conviction relief.

---

[1]Petitioner has named as respondent the State of Missouri. Because petitioner is attacking a Missouri state court sentence but is currently being held in a state other than Missouri, the proper respondents are the officer having present custody over the petitioner, Richard B. Ives, Warden of the U.S. Penitentiary-McCreary, and Chris Koster, Attorney General of Missouri. See 28 U.S.C. § 2254, Rule 2(b).

After petitioner was charged with a federal indictment on February 4, 2010, see United States v. Watkins, 4:10CR50 HEA (E.D. Mo.), the trial court revoked petitioner's probation on February 24, 2011. Petitioner was sentenced to three years concurrent with his federal sentence.[2]

On May 5, 2011, petitioner filed a motion for post-conviction relief under Missouri Rule 24.035, which was denied after a hearing by the trial court. Watkins-Israyl v. State, No. 11SL-CC02004. Petitioner appealed, and the Missouri Court of Appeals affirmed the lower court on December 18, 2012. Watkins-Israyl v. State, No. ED98233. Petitioner is currently incarcerated at the United States Penitentiary in McCreary, Kentucky. Richard B. Ives is the Warden.

In the instant petition, petitioner argues that his Alford plea was unknowing and involuntary. Petitioner further argues that his counsel was ineffective.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

---

[2]Petitioner was sentenced to fifty-four months' imprisonment, as well as three years supervised release. Restitution was ordered in the amount of $5,905.00, and a special assessment was due in the amount of $100.00.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under Missouri law a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. E.g., State v. Nelson, 9 S .W.3d 687, 688 (Mo. Ct. App. 1999). The time for filing a direct appeal of the judgment expired ten days after the judgment was entered. Mo. Sup. Ct. R. 30.01(d). As a result, petitioner's judgment became final on January 22, 2009. Because petitioner did not file an appeal or motion for post-conviction relief within the one-year period, the limitations period for filing a federal habeas petition expired on January 22, 2010. The petition is, therefore, time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause no later than thirty (30) days from the date of this order why his petition should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall docket this petition as **<u>Carl G. Watkins-Israyl v. Chris Koster and Richard B. Ives</u>**.

**IT IS FURTHER ORDERED** that petitioner's motion to strike Docket No. 4 from the record is **DENIED**.[3]

Dated this 26th day of February, 2013.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

---

[3]The Court understands petitioner's assertion that he filed this document in error. However, there are very few circumstances under which a document, filed with the Court, should be stricken from the Court's record. Accordingly, the Court will decline to strike the document from the record. Furthermore, the Court finds no error in allowing the document to remain in the record.