# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CARL G. WATKINS-ISRAYL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13CV100 JCH |
| | ) |
| RICHARD N. IVES and | ) |
| CHRIS KOSTER, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2244.

## **Background**

On January 12, 2009, petitioner made an Alford Plea to theft/stealing of any credit card or letter of credit, in St. Louis County Court. State v. Watkins, Case No. 08SL-CR05070-01. The trial court sentenced petitioner to an aggregate prison term of three years. The court suspended the execution of the sentence and

---

[1]On February 26, 2013, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

placed petitioner on probation/supervised release, under the auspices of the Missouri Department of Probation and Parole. Petitioner did not appeal the sentence or file a timely motion for post-conviction relief.

After petitioner was charged with a federal indictment on February 4, 2010, see United States v. Watkins, 4:10CR50 HEA (E.D. Mo.), the trial court revoked petitioner's probation on February 24, 2011. Petitioner was sentenced to three years concurrent with his federal sentence.[2]

On May 5, 2011, petitioner filed a motion for post-conviction relief under Missouri Rule 24.035, which was denied after a hearing by the trial court. Watkins-Israyl v. State, No. 11SL-CC02004. Petitioner appealed, and the Missouri Court of Appeals affirmed the lower court on December 18, 2012. Watkins-Israyl v. State, No. ED98233. Petitioner is currently incarcerated at the United States Penitentiary in McCreary, Kentucky. Richard B. Ives is the Warden.

In the instant petition, petitioner argues that his Alford plea was unknowing and involuntary. Petitioner further argues that his counsel was ineffective.

## Discussion

---

[2]Petitioner was sentenced to fifty-four months' imprisonment, as well as three years supervised release. Restitution was ordered in the amount of $5,905.00, and a special assessment was due in the amount of $100.00.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under Missouri law a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. E.g., State v. Nelson, 9 S .W.3d 687, 688 (Mo.

Ct. App. 1999). The time for filing a direct appeal of the judgment expired ten days after the judgment was entered. Mo. Sup. Ct. R. 30.01(d). As a result, petitioner's judgment became final on January 22, 2009. Because petitioner did not file an appeal or motion for post-conviction relief within the one-year period, the limitations period for filing a federal habeas petition expired on January 22, 2010. The petition therefore, appears to be time-barred.

In his response to the Court's Order to Show Cause as to timeliness, petitioner asserts that he requested that his court-appointed attorney file a direct appeal immediately after he was sentenced in 2009. He, therefore, seeks equitable tolling of the timeliness requirement in the instant matter.

Besides statutory tolling, the one year may be equitably tolled when a petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGugliemo, 544 U.S. 408, 418 (2005); Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir.2003); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir.2000). This doctrine, however, gives a habeas petitioner "an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir.2001) (holding that petitioner's inability to obtain counsel to represent him in pursuit of state post-conviction relief and failure of defense counsel to send petitioner his trial transcript until approximately eight months after his conviction was affirmed on direct appeal were not extraordinary circumstances beyond petitioner's control); see also Preston v. Iowa, 221 F.3d

1343 (8th Cir. 2000) (refusing to apply equitable tolling in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources); Kreutzer, 231 F.3d at 463 (holding that counsel's confusion about applicable statue of limitations does not warrant equitable tolling).

In this case, petitioner has not shown that any extraordinary and wholly external circumstances prevented him from seeking federal habeas corpus relief in a timely manner. Our Court of Appeals has repeatedly held that faulty legal assistance alone does not warrant equitable tolling. See Beery v. Ault, 312 F.3d 948, 951 (8th Cir.2002) ( "[i]neffective assistance of counsel generally does not warrant equitable tolling"); Sellers v. Burt, 168 Fed.Appx. 132, 133 (8th Cir.) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); Greene v. Washington, 14 Fed.Appx. 736, 737 (8th Cir.2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion). Thus, the Court can find no proper grounds for equitable tolling in this case.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. Rule 4 of the Rules Governing § 2254 Proceedings.

**IT IS FURTHER ORDERED** that petitioner's motion to show cause [Doc. #9] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253.

Dated this 10th day of June, 2013.

                                               /s/Jean C. Hamilton
                                               JEAN C. HAMILTON
                                               UNITED STATES DISTRICT JUDGE